# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1382V
UNPUBLISHED

| | |
|---|---|
| RAYMOND MILLIGAN, JR, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: May 18, 2022 <br><br> Special Processing Unit (SPU); <br> Ruling on Entitlement; Concession; <br> Table Injury; Influenza (Flu) Vaccine; <br> Guillain-Barre Syndrome (GBS) |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC,* for Respondent.

**RULING ON ENTITLEMENT**[1]

On May 21, 2021, Raymond, Milligan, Jr. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome (GBS), resulting from the influenza vaccination he received on October 26, 2019. Petition at 1. Petitioner further alleges that he received the vaccination within the United States, his GBS symptoms persisted for more than six months, and neither he, nor any other party, has ever filed any action for Petitioner's vaccine-related injury." Petition at 1-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 25, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, Respondent determined that "[P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI"), which afford petitioner a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination, and there is no apparent alternative cause." *Id.* at 5-6. Respondent further agrees that "the records show that [P]etitioner timely filed this case, received the flu vaccine in the United States, and satisfied the statutory severity requirement by suffering the residual effects or complications of GBS for more than six months after vaccine administration." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**  
Brian H. Corcoran  
Chief Special Master