# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 21-1382V
UNPUBLISHED

|  |  |
|---|---|
| RAYMOND MILLIGAN, JR, <br><br>                 Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND <br> HUMAN SERVICES, <br><br>                 Respondent. | Chief Special Master Corcoran <br><br> Filed: August 10, 2022 <br><br> Special Processing Unit (SPU); <br> Damages Decision Based on Proffer; <br> Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On May 21, 2021, Raymond, Milligan, Jr. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome (GBS), resulting from the influenza vaccination he received on October 26, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 18, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On August 10, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $145,556.01 (comprised of $145,000.00 for pain and suffering and $556.01 for unreimbursed medical expenses). Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $145,556.01 (comprised of $145,000.00 for pain and suffering and $556.01 for unreimbursed medical expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

---

|  |  |  |
|---|---|---|
| RAYMOND MILLIGAN, JR., | ) | |
| | ) | |
| Petitioner, | ) | No. 21-1382V |
| | ) | Chief Special Master Corcoran |
| v. | ) | ECF |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

---

**PROFFER ON AWARD OF COMPENSATION[1]**

## I.   Procedural History

On May 21, 2021, Raymond Milligan, Jr. ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*.  He alleges that, as a result of receiving the influenza vaccine on October 26, 2019, he suffered from Guillain-Barre Syndrome ("GBS").  *See* Petition at 1; Ex. 1 at 1.  On April 25, 2022, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe.  ECF No. 14.  On May 18, 2022, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury.  ECF No. 15.

## II.   Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$145,556.01** for all damages, including $145,000.00 for pain and suffering, and

---

[1]  This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

$556.01 for unreimbursed medical expenses.  This lump sum amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## III.   <u>Form of the Award</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the Chief Special Master's decision and the Court's judgment award petitioner compensation through a lump sum payment of **$145,556.01**, in the form of a check payable to petitioner.[2]  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

<u>*/s/ Jamica M. Littles*</u>
JAMICA M. LITTLES
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Dated:  August 10, 2022                    (202) 305-4014

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.  The parties reserve the right to move the Court for appropriate relief.