# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1382V
(not to be published)

| | |
|---|---|
| RAYMOND MILLIGAN, JR., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: January 30, 2023 <br><br> Special Processing Unit (SPU); Attorney's Fees and Costs |

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Jamica Marie Littles*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 21, 2021, Raymond Milligan, Jr. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome (GBS), resulting from the influenza vaccine he received on October 26, 2019. Petition at 1. On August 10, 2022, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 23.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 29, 2022, Petitioner filed a motion for attorney's fees and costs, requesting a total award of $17,659.89 (representing $16,620.00 in fees, plus $1,039.89 in costs). ECF No. 28. The requested fees, however, are based upon hourly rates greater than what has been previously awarded for work Ms. Levenberg performed in 2021 and 2022. *Id.* at 1, 7-11. In accordance with General Order No. 9, counsel for Petitioner represented that Petitioner incurred no out-of-pocket expenses. *Id.* at 2. Respondent did not file a response.

On November 18, 2022, I issued a decision on attorney's fees and costs, relying upon the hourly rates previously awarded for Ms. Levenberg's work - $275 per hour for work performed in both 2021 and 2022. ECF No. 29. In response, Petitioner filed a timely motion on December 5, 2022, requesting that I reconsider my Decision and award the increased hourly rates now sought - $350 for 2021 and $375 for 2022. ECF No. 30; *see* Vaccine Rule 10(e)(1). In the motion, she explained that earlier requests for attorney's fees had been based upon an incorrect representation of Ms. Levenberg's bar date, and thus level of experience. *Id.* at 1. In response to an email inquiry, Respondent confirmed that he did not wish to file a response to Petitioner's motion. *See* Informal Remark, dated Dec. 6, 2022; Vaccine Rule 10(e)(2) & (3)(A)(ii).

I withdrew my Decision on December 7, 2022. ECF No. 31. In the order, I noted that the reduced hourly rate utilized for Ms. Levenberg's 2022 work was lower than the corresponding range for her experience level for that year. *See* Attorneys' Forum Hourly Rate Fee Schedule for 2022, found at the court's website at www.uscfc.uscourts.gov.

Having reconsidered the requested hourly rate increases sought by Petitioner, I still find a reduction in the amount of fees to be awarded appropriate. However, I will award a revised rate for Ms. Levenberg's 2022 work.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience

2

and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates for the Muller Brazil attorneys performing work in this matter:

|  | **2021** | **2022** |
|---|---|---|
| **Laura Levenberg** | $350 | $375 |
| **Maximillian Muller** | $375 | $400 |

The rates requested for Mr. Muller are reasonable, and consistent with what has previously been awarded, and shall therefore be awarded herein. Ms. Levenberg, however, was previously awarded the lesser rate of $275 per hour for time billed in 2021 and 2022. *See Winkle* v. *Sec'y of Health & Hum. Servs.,* No. 20-0485V, 2022 WL 2398805 (Fed. Cl. Spec. Mstr. May 31, 2022); *Williams* v. *Sec'y of Health & Hum. Servs.,* No. 20-0519V, 2022 WL 4474287 (Fed. Cl. Spec. Mstr. Aug. 26, 2022). Thus, Ms. Levenberg's requested rates reflect increases of $75.00 for 2021, and $100.00 for 2022. As I have previously stated, however, "it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances." *Jefferson v. Sec'y of Health & Hum. Servs.,* No. 19-1882V, 2023 WL 387051, at *2 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). And it had been my understanding that the increases were attributable to mid-year rate increases at the law firm.

On reconsideration, Petitioner justifies the requested rate increase by arguing that the rates previously awarded for Ms. Levenberg were based upon an incorrect representation of her level of experience. Motion for Fees and Costs at 2-3; Motion for Reconsideration at 3. She explains that "Ms. Levenberg was admitted to the Pennsylvania Bar on November 25, 2013." Motion for Reconsideration at 3. Based upon that information, she proposes that Ms. Levenberg's level of experience should be *eight* years for work performed in 2021, and *nine* years for work performed in 2022.

This, however, is a misapplication of the OSM fee schedule. As those schedules note, the number of years an attorney has practiced law is calculated based on the *year* that attorney was admitted to the bar. *See,* e.g., Attorneys' Forum Hourly Rate Fee Schedule for 2022, at 3 n.8. This calculation is performed at the beginning of each calendar year, and no allowance is made for the specific month of an attorney's bar admission. Thus, the level of experience previously cited for Ms. Levenberg's 2021 work – seven years - is accurate. It is inaccurate only for work performed in 2022, when Ms. Levenberg would be considered to have eight years of experience.

Because the range for an attorney having eight to ten years of experience in 2022 is $336 to $427, the previously awarded hourly rate of $275 for work Ms. Levenberg performed that year is in fact *below* the applicable range. Thus, I will allow an increase in her rate for 2022 work, but only to $350. I find this hourly rate to appropriate for an attorney at the lower end of the eight to ten-year range who performs quality work as Ms. Levenberg does. I shall apply similar reasoning when assessing any future motions for attorney's fees and costs in SPU cases in which Ms. Levenberg performed work in the 2022 calendar year. As usual, the parties may present any additional evidence relevant to this rate calculation in those other cases, if desired.

Accordingly, I reduce Ms. Levenberg's rate for time billed in 2021, to $275 per hour, as consistent with what has previously been awarded. I also reduce Ms. Levenberg's rate for time billed in 2022, but only to $350 per hour from the sum requested. Although greater than the rate which was previously awarded, this revision is appropriate due to the additional information, now provided, which shows the former rate was lower than the applicable range for Ms. Levenberg's correct level of experience. These rates result in a reduction of attorney's fees to be awarded of **$1,495.00**.[3]

---

[3] This amount consists of ($350 - $275 = $75 x 14.7 hrs.) + ($375 - $350 = $25 x 15.7 hrs.) = $1,495.00).

## ATTORNEY COSTS

Petitioner requests $1,039.89 in overall costs. ECF No. 28 at 13. This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. *Id.* I have reviewed the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$16,164.89** (representing $15,125.00 in fees and $1,039.89 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.